UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| James Sharkey,<br><br>           Plaintiff<br><br>v.<br><br>Susan Clarke, et al.,<br><br>           Defendants | Case No. 2:25-cv-00549-CDS-EJY<br><br>**Order Denying Plaintiff's Motion to Qualify Himself as an Expert and Striking Rogue Documents**<br><br>[ECF Nos. 6, 7, 8, 9, 12, 14, 15] |

      Pro se plaintiff James Sharkey brought this purported § 1983 action against defendants Susan Clarke, Christal Keegan, Kristopher Sanchez, and the Nevada Real Estate Division on March 25, 2025, alleging violations of his First, Fourteenth, and Eighth Amendment rights. Compl., ECF No. 1-1. There is a pending motion for this court to qualify Sharkey as an expert. Mot., ECF No. 9. Sharkey has also filed several other documents which, when liberally construed, appear to be attempts to amend the complaint. *See* ECF Nos. 6, 7, 8, 12, 14, 15. The court addresses the filings as follows.

**I.    Discussion**

      On March 29, 2025, just four days after initiating this action, Sharkey filed a motion to qualify himself as an expert. ECF No. 9. However, the instant action has not yet even reached the discovery stage, let alone trial. Not a single defendant has even been served with a complaint. Accordingly, Sharkey's motion is denied as premature. *See Leon v. Celaya*, 2021 WL 2515219, at *2 (S.D. Cal. June 18, 2021) (denying plaintiff's request to appoint an expert as premature during discovery because it related to trial issues).

      Further, Sharkey has filed the following documents:

- Notice of Supplemental Allegation (ECF No. 6);
- Second Notice of Supplemental Allegation (ECF No. 7);

- Third Notice of Supplemental Allegation (ECF No. 8);
- Fourth Supplemental Complaint (ECF No. 12);
- Supplemental Notice of Factual Developments in Support of Plaintiff's Civil Rights Claims and Intent to Amend Complaint to Name Additional Defendant (ECF No. 14); and
- Notice of Constitutional Violations and Agency Pattern or Practice Misconduct Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (ECF No. 15).

Liberally construing these filings,[1] it appears Sharkey is improperly attempting to amend the complaint by adding additional allegations and claims. Under Rule 15, a party may amend their pleading "once as a matter of course [and] . . . in all other cases, a party may amend its pleading only with the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). These filings constitute six attempts to amend the complaint, so I strike them all. If Sharkey seeks to amend the complaint as a matter of right under Rule 15(a), he may do so within thirty days of this order. I caution him that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). The amended complaint must contain all claims, defendants, and factual allegations that Sharkey wishes to pursue in this lawsuit. Moreover, Sharkey should file the amended complaint on this court's approved non-prisoner civil rights form again, and it must be entitled "First Amended Complaint."

---

[1] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (Courts must "construe pro se filings liberally.").

Sharkey is reminded that he must follow the rules of the court, to include the Local Rules. Federal Rule of Civil Procedure 7 states that only the following pleadings are allowed:

> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a). That same rule states that "[a] request for a court order must be made by motion" and that the motion must "(A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." *Id.* at (b). If Sharkey seeks to amend in the future, meaning after the first amended complaint is filed, he must comply with Local Rule 15-1, which states:

> (a) Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.
>
> (b) If the court grants leave to file an amended pleading, and unless the court orders otherwise, the moving party must then file and serve the amended pleading.

LR 15-1(a) and (b).

Further, Sharkey's application to proceed *in forma pauperis* violates Local Rule IC 6-1 as it contains personally identifying documents and bank account information. LR IC 6-1 (stating parities must refrain from including, or must redact, personal identifying information such as social security numbers, dates of birth, financial account information, and more). LR IC 6-1(a). Subsection (c) of that rule states that "[t]he responsibility for redacting these personal identifiers rests solely with attorneys and the parties." *Id.* at (c). Despite this rule violation, the court orders the Clerk of Court to detach the complaint and docket it separately so that the IFP

3

application can be sealed. This is a **one-time** courtesy. Future violations may result in the court striking any non-compliant filing.

Finally, I note that Sharkey is no stranger to practice in this District,[2] nor is it the first time that he has been warned he must comply with the rules. *See Sharkey v. Nev. Dep't of Corr.*, 2021 U.S. Dist. LEXIS 153793, at *1 (D. Nev. Aug. 14, 2021) (order dismissing case for failing to comply with an order from the magistrate judge and the local rules after warning he must comply); *Sharkey v. High Desert State Prison*, 2021 U.S. Dist. LEXIS 92253 (D. Nev. May 14, 2021) (same); *Sharkey v. Howell*, 2020 U.S. Dist. LEXIS 62973 (D. Nev. April 9, 2020) (same). Failure to comply with court orders and rules will result in the issuance of sanctions including, but not limited to, striking documents or dismissing the action. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order).

---

[2] *See, e.g., Sharkey v. State of Nevada, et al.*, 2:18-cv-00025-KJD-BNW; *Sharkey v. Aranas, et al.*, 2:18-cv-01523-APG-PAL; *Sharkey v. Villani, et al.*, 2:19-cv-01156-JAD-GWF; *Sharkey v. Villani, et al.*, 2:19-cv-01170-RFB-EJY; *Sharkey v. Dzurenda, et al*, 2:19-cv-01386-GMN-DJA; *Sharkey v. Dzurenda, et al.*, 2:20-cv-00088-APG-EJY; *Sharkey v. Williams, et al.*, 2:20-cv-00253-KJD-DJA; *Sharkey v. Daniels et al.*, 2:20-cv-00344-GMN-BNW; *Sharkey v. Cnty. of Clark et al.*, 2:20-cv-00394-KJD-VCF; *Sharkey v. Nev. Dep't of Corr., et al.*, 2:20-cv-00395-GMN-BNW; *Sharkey v. Howell, et al.*, 2:20-cv-00396-APG-NJK; *Sharkey v. Nev. Dep't of Corr., et al.*, 2:20-cv-00397-JAD-BNW; *Sharkey v. Nev. Dep't of Corr., et al.*, 2:20-cv-00398-RFB-NJK; *Sharkey v. High Desert State Prison, et al.*, 2:20-cv-00400-APG-VCF; *Sharkey v. Nev. Orthopedic and Spine Ctr. LLP et al.*, 2:20-cv-00792-JAD-EJY; *Sharkey v. Dzurenda et al.*, 2:20-cv-01386-GMN-DJA; *Sharkey v. State of Nevada, et al.*, 2:22-cv-00115-GMN-BNW; *Sharkey v. Duke, et al.*, 2:23-cv-00449-CDS-DJA; *Sharkey v. Las Vegas Metro Police Dep't (LVMPD), et al.*, 2:24-cv-01093-JAD-NJK; *Sharkey v. Clark*, 2:24-cv-01513-JAD-DJA.

## II. Conclusion

IT IS THEREFORE ORDERED that Sharkey's motion to qualify himself as an expert **[ECF No. 9] is DENIED without prejudice** as premature.

IT IS FURTHER ORDERED that the filings at **[ECF Nos. 6, 7, 8, 12, 14, 15] are STRICKEN.**

IT IS FURTHER ORDERED that if Sharkey seeks to exercise his right to amend in the first instance under Rule 15(a), he must do so by June 9, 2025, and he must comply with the instructions set forth in this order.

Finally, the Clerk of Court is kindly directed to detach the complaint (ECF No. 1-1), file it separately as the operative complaint, and to seal the application to proceed *in forma pauperis* (ECF No. 1) as it contains personal identifying information.

Dated: May 8, 2025

_____
Cristina D. Silva
United States District Judge