UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES SHARKEY,<br><br>  Plaintiff,<br><br>  v.<br><br>SUSAN CLARKE, CHRISTAL KEEGAN, KRISTOPHER SANCHEZ, NEVADA REAL ESTATE DIVISION,<br><br>  Defendants. | Case No. 2:25-cv-00549-CDS-EJY<br><br>**ORDER** |

Pending before the Court is the Application to Proceed *in forma pauperis* ("IFP") signed only by Plaintiff James Sharkey. ECF No. 1. Also pending is the First Amended Complaint ("FAC"), which is filed on behalf Plaintiff and a second individual—Audrey Sharkey—who did not file an IFP application and whose resources, if any, that may be available to pay the filing fee were not disclosed. ECF Nos. 1, 14. Plaintiffs are advised that each must file his/her own application to proceed *in forma pauperis* since filing fees must be paid unless each Plaintiff applies for and is granted leave to proceed IFP.

**I.  Discussion**

The Court may dismiss a complaint filed by an IFP plaintiff at any time, including before service of process, if it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all IFP complaints, not just those filed by inmates). Further, Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for relief sought …." A complaint having the factual

elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

The FAC in this matter is ninety (90) pages long, identifies as many as ten named defendants, ten John/Jane Doe defendants, and ten Roe corporation defendants. ECF No. 20 at 7-12. Initially, there are nine causes of action asserted against Nevada entities and individuals who Plaintiff alleges live in the state of Nevada. *Id*. at 12-14. In the body of Plaintiff's 90 page FAC, Plaintiff appears to identify as many as 17 claims. *Id*. at 19-33. These 17 claims are followed by approximately 50 pages of facts and argument. *Id*. at 34-84.

The numerous Defendants named by Plaintiff cannot be expected to decipher the FAC and respond to such length and prolixity. *Fritz v. County of Kern*, Case No. CV-F-07-377 OWW/TAG, 2009 WL 382741, at *2 (E.D. Cal. Feb. 13, 2009). The Court is empowered to dismiss, without leave to amend an excessively long and prolix complaint. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). As explained in *Cafasso*, allowing Plaintiff to proceed with his FAC would "burden … [Defendants] with the onerous task of combing through [a 90 page complaint] just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated." *Id*. "[T]he very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

In sum, the Court finds Plaintiff's FAC cannot proceed. Plaintiff must take the opportunity given him to file an amended complaint and, if he so chooses, file a second amended complaint that contain short and plain statements of each claim. Fed. R. Civ. P. 8(a)(2). Plaintiff must also ensure each allegation is simple, concise, direct, and stated such that each Defendant Plaintiff seeks to sue understands what claim or claims are brought against him, her, or it so that the Defendant is able to reasonably mount a defense. Plaintiff would benefit from removing repetition, stating his facts once, and then alleging each claim against the Defendants against whom he seeks to bring the claim only once.

1    Plaintiff is warned that if he fails to follow the instructions in this Order, the Court will recommend that Plaintiff not be given a fourth opportunity to file a complaint and that this matter be dismissed.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's First Amended Complaint is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff may, if he so chooses, file a Second Amended Complaint that complies with this Order no later than **June 9, 2025**. The Second Amended Complaint must be complete in and of itself. The Court cannot refer to Plaintiff's prior filings for any purpose.

IT IS FURTHER ORDERED that failure to timely file and otherwise comply with this Order will result in a recommendation to dismiss this action in its entirety.

Dated this 17th day of May, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE